JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1985, appellant Aaron Frazier was convicted of two counts of raping a child. The sole victim was 9 and 10 years of age, respectively, at the time of the two rapes. She was living as a foster child in the home of Frazier's mother. Frazier was incarcerated for the rapes. In 1999, he appeared before the trial court for a sexual-predator hearing under R.C. 2950.09(C). The trial court determined that Frazier was a sexual predator based on the grand-jury testimony of the victim, disciplinary problems in prison, and a prior theft conviction.
Frazier appeals the trial court's determination that he is a sexual predator, arguing that the trial court's finding is against the manifest weight of the evidence. We have looked at the criteria to be considered by the trial court in making its determination,[1] and we conclude that the adjudication is supported by clear and convincing evidence. Frazier began molesting a young child almost from the time he first had access to her when she moved into his mother's house at the age of five. His fondling of the victim culminated in sexual intercourse over a period of several years. He was convicted for two of those episodes. At the time of the two rapes, he was approximately twenty years old and was on probation for a nonsexual offense. While the facts of the crime resulting in a conviction are not always sufficient to support a sexual-predator adjudication, we believe that the evidence presented by the state in this case sufficiently supports Frazier's adjudication as a sexual predator.[2]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.
[1] See R.C. 2950.09(C) and 2950.09(B)(2).
[2] See State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported.